IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-69,969-01






EX PARTE IVAN RAMIREZ ESCOBEDO, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. W06-85789-U(A) IN THE 291ST JUDICIAL DISTRICT COURT


FROM DALLAS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant entered an open plea of guilty to
aggravated sexual assault of a child, and was sentenced to fifteen years' imprisonment. He did not
appeal his conviction.

 Applicant contends, inter alia, that his plea was not knowingly and voluntarily entered,
because his trial counsel told him that he would get deferred adjudication if he entered an open plea
to the trial court. Included in the habeas record is an affidavit from trial counsel, which appears to
have been provided in support of a motion for a new trial, in which counsel states that the trial judge 
stated in open court that she would give Applicant deferred adjudication if he entered an open plea. 
According to counsel's affidavit, this occurred in his presence, as well as in the presence of the
prosecutor and the bailiff, while Applicant was in the holding cell awaiting his jury trial. Counsel
informed Applicant of the trial judge's statement, and Applicant decided to enter an open plea to the
trial court, waiving his right to a jury trial and a jury determination of punishment. In the trial court's
original findings, the trial court found, inter alia, that trial counsel did not provide erroneous
information to Applicant, but advised Applicant only that the court would consider deferred
adjudication, a finding which appears to conflict with trial counsel's affidavit.

 After a pre-sentencing investigation was conducted, Applicant testified at the punishment
hearing. Because Applicant's testimony indicated that he was not accepting responsibility for the
offense, the trial court sentenced him to fifteen years' imprisonment. The habeas record does not
show that a motion for new trial was presented, or that a notice of appeal was filed. 

 On June 25, 2008, this Court remanded this matter to the trial court for findings of fact as to
whether the trial judge ever affirmatively stated that Applicant would receive deferred adjudication
if he entered an open plea to the court. On September 3, 2008, this Court received supplemental
findings of fact from the trial court, as well as a transcript of the plea proceedings. The trial court
finds that no affirmative statement or promise of deferred adjudication was ever made to Applicant. 
The trial judge states that she told Applicant that she could consider deferred adjudication. 
Applicant was properly admonished that he could be sentenced to anything within the applicable
punishment range. The trial court finds that Applicant's plea was knowingly and voluntarily entered. 
These findings are supported by the record and are entitled to deference.

 The fact remains that trial counsel's affidavit states that he did advise Applicant that he
would received deferred adjudication if he entered an open plea, and that this was the reason that
Applicant decided to waive his right to a jury trial and a jury determination of punishment. 
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466
U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). However,
because trial counsel's affidavit appears to have been provided in support of a motion for a new trial,
and not specifically in conjunction with this habeas writ, additional facts are needed. As we held in
Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate
forum for findings of fact. The trial court shall provide Applicant's trial counsel with the
opportunity to respond to Applicant's claim of ineffective assistance of counsel. The trial court may
use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial
court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant's trial counsel
affirmatively told Applicant that he would receive deferred adjudication if he entered an open plea.
If counsel did advise Applicant to enter an open plea, the trial court shall make findings as to
whether counsel also advised Applicant that he would have to accept responsibility for the offense
when he testified at punishment. The trial court shall make findings as to whether a motion for new
trial was ever presented, and if so, whether there was a hearing conducted. The trial court shall make
findings as to whether Applicant was advised that he could appeal his conviction and sentence, and
if so, the trial court shall make findings as to whether Applicant indicated that he wanted to appeal. 
The trial court shall make findings as to whether the performance of Applicant's trial attorney was
deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: October 1, 2008

Do not publish